## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| NETWORK GATEWAY<br>SOLUTIONS, LLC, | ) <br> ) <br> ) | |
| *Plaintiff,* | ) <br> ) | **Civil Action No:** |
| v. | ) <br> ) | **JURY TRIAL DEMANDED** |
| ADTRAN, INC.;<br>AUDIOCODES LTD.;<br>AUDIOCODES, INC.;<br>AVAYA, INC.;<br>CISCO SYSTEMS, INC.;<br>GENBAND, INC.;<br>JUNIPER NETWORKS, INC.;<br>ALCATEL-LUCENT;<br>ALCATEL-LUCENT USA, INC.;<br>MEDIA5 CORPORATION;<br>MEDIATRIX TELECOM, INC.;<br>METASWITCH, INC.;<br>MITEL NETWORKS CORPORATION;<br>MITEL NETWORKS, INC.;<br>MULTI-TECH SYSTEMS, INC.;<br>PATTON ELECTRONICS CO.;<br>QUINTUM TECHNOLOGIES, LLC;<br>SIEMENS AG;<br>SIEMENS ENTERPRISE<br>COMMUNICATIONS, INC.;<br>SONUS NETWORKS, INC.; AND<br>ZHONE TECHNOLOGIES, INC., | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | |
| *Defendants.* | ) <br> ) | |

## COMPLAINT

Plaintiff Network Gateway Solutions, LLC ("NGS") files this action for patent

infringement against Defendants Adtran, Inc.; AudioCodes Ltd.; AudioCodes, Inc.; Avaya, Inc.;

Cisco Systems, Inc.; Genband, Inc.; Juniper Networks, Inc.; Alcatel-Lucent; Alcatel-Lucent

USA, Inc.; Media5 Corporation; Mediatrix Telecom, Inc.; MetaSwitch, Inc.; Mitel Networks

Corporation; Mitel Networks, Inc.; Multi-Tech Systems, Inc.; Patton Electronics Co.; Quintum Technologies, LLC; Siemens AG; Siemens Enterprise Communications, Inc.; Sonus Networks, Inc.; and Zhone Technologies, Inc., seeking damages and injunctive relief.  NGS alleges as follows:

## NATURE OF THE ACTION

1.      This is an action for patent infringement, arising under the Patent Laws of the United States, 35 U.S.C. § 1 et seq., alleging infringement of United States Patent No. 5,912,888 ("the '888 patent").  A copy of the '888 patent is attached hereto as Exhibit A and is incorporated herein by reference in its entirety.

## JURISDICTION AND VENUE

2.      This Court has exclusive subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).

3.      This Court has personal jurisdiction over the Defendants because each defendant has conducted business in this district and has infringed, contributed to the infringement, and/or actively induced others to infringe NGS's patent in this district as alleged in this Complaint (at a minimum by offering for sale and/or selling equipment which falls within the scope of the claims of the '888 patent).

4.      Moreover, upon information and belief, Defendants continue to conduct business in this district and infringe, contribute to the infringement of, and/or actively induce others to infringe the '888 patent in this district.

5.      Further, upon information and belief, this Court has personal jurisdiction over the Defendants pursuant to Delaware's Long-Arm Statute, Del. Code. Ann. Tit. 10, §3104.

6.      Venue is proper in this Court pursuant to 28 U.S.C. §§1391(b), 1391(c) and/or 1400(b), in that a substantial part of the events giving rise to NGS's claims occurred in the District of Delaware and the Defendants are subject to personal jurisdiction in the District of Delaware (and thus for purposes of venue the Defendants reside in the District of Delaware).

## THE PARTIES

7.      Plaintiff NGS is a limited liability company organized and existing under the laws of Delaware, having a principal place of business at 500 Newport Center Drive, 7th Floor, Newport Beach, California 92660.

8.      Upon information and belief and after a reasonable opportunity for further discovery, Defendant Adtran, Inc., ("Adtran") is a corporation organized and existing under the laws of the state of Delaware, having a principal place of business at 901 Explorer Boulevard, Huntsville, AL 35806.  Adtran's registered agent for service of process in the state of Delaware is The Corporation Trust Company at Corporation Trust Center 1209 Orange Street, Wilmington, DE 19801.

9.      Upon information and belief and after a reasonable opportunity for further discovery, Defendant AudioCodes, Ltd. ("AudioCodes Ltd"), is a corporation organized and existing under the laws Israel, with an international headquarters at 1 Hayarden Street, Airport City Lod, 70151 Israel.

10.      Upon information and belief and after a reasonable opportunity for further discovery, Defendant AudioCodes, Inc. ("AudioCodes Inc") is a corporation organized and existing under the laws of the state of Delaware, having a principal place of business in the United States at 27 World's Fair Drive, Somerset, NJ 08873.  AudioCodes Inc's registered agent

for service of process in the state of Delaware is The Corporation Trust Company at Corporation Trust Center 1209 Orange Street, Wilmington, DE 19801.

11.     Upon information and belief and after a reasonable opportunity for further discovery, Defendant Avaya, Inc. ("Avaya"), is a corporation organized and existing under the laws of the state of Delaware, having a principal place of business at 211 Mt. Airy Road, Basking Ridge, NJ 07920.  Avaya's registered agent for service of process in the state of Delaware is the Corporation Service Company at 2711 Centerville Road Suite 400, Wilmington, DE 19808.

12.     Upon information and belief and after a reasonable opportunity for further discovery, Defendant Cisco Systems, Inc. ("Cisco"), is a corporation organized and existing under the laws of the state of California, having a principal place of business at 170 West Tasman Dr., San Jose, CA 95134.  Cisco's registered agent for service of process in the state of Delaware is The Prentice-Hall Corporation System, Inc. at 2711 Centerville Road Suite 400, Wilmington, DE 19808.

13.     Upon information and belief and after a reasonable opportunity for further discovery, Defendant Genband, Inc. ("Genband"), is a corporation organized and existing under the laws of the state of Delaware, having a principal place of business at 3605 E. Plano Pkwy, Plano, TX 75074.  Genband's registered agent for service of process in the state of Delaware is the Corporation Service Company at 2711 Centerville Road Suite 400, Wilmington, DE 19808.

14.     Upon information and belief and after a reasonable opportunity for further discovery, Defendant Juniper Networks, Inc. ("Juniper"), is a corporation organized and existing under the laws of the state of Delaware, having a principal place of business at 1194 North Mathilda Avenue, Sunnyvale, California 94089-1206.  Juniper's registered agent for service of

process in the state of Delaware is The Corporation Trust Company at Corporation Trust Center 1209 Orange Street, Wilmington, DE 19801.

15.     Upon information and belief and after a reasonable opportunity for further discovery, Defendant Alcatel-Lucent ("Alcatel-Lucent"), is incorporated in France, with its principal executive offices at 54 rue de la Boétie, 75008 Paris, France.

16.     Upon information and belief and after a reasonable opportunity for further discovery, Defendant Alcatel-Lucent USA, Inc. ("Lucent USA") is organized and existing under the laws of the state of Delaware, having a principal place of business at 600-700 Mountain Avenue Murray Hill, NJ 07974.  Lucent USA's registered agent for service of process in the state of Delaware is Corporation Service Company at 2711 Centerville Road Suite 400, Wilmington, DE 19808.

17.     Upon information and belief and after a reasonable opportunity for further discovery, Defendant Media5 Corporation and Mediatrix Telecom, Inc. (referred to hereafter collectively as "Mediatrix") are both corporations organized and existing under Canada, both having an existing place of business at 4229 Garlock Street, Sherbrooke Quebec J1L 2C8 Canada.

18.     Upon information and belief and after a reasonable opportunity for further discovery, Defendant MetaSwitch, Inc. ("Metaswitch"), is a corporation organized and existing under the laws of the state of Virginia, having a principal place of business in the United States at 12007 Sunrise Valley Drive, Suite 250, Reston, Virginia 20191.

19.     Upon information and belief and after a reasonable opportunity for further discovery, Defendant Mitel Networks Corporation ("MNC") is a corporation organized and

existing under the laws of Canada at 350 Legget Drive, P.O. Box 13089, Kanata, Ontario, Canada K2K 2W7.

20.     Upon information and belief and after a reasonable opportunity for further discovery, Defendant Mitel Networks, Inc. ("MNI") is a corporation organized and existing under the laws of the state of Delaware, having a principal place of business in the United States at 7300 W. Boston, Chandler, Arizona 85226.  MNI's registered agent for service of process in the state of Delaware is The Prentice Hall Corporation System, Inc. at 2711 Centerville Road Suite 400, Wilmington, DE 19808.

21.     Upon information and belief and after a reasonable opportunity for further discovery, Defendant Multi-Tech Systems, Inc. ("Multitech"), is a corporation organized and existing under the laws of the state of Minnesota, having a principal place of business at 2205 Woodale Drive, Mounds View, MN 55112.

22.     Upon information and belief and after a reasonable opportunity for further discovery, Defendant Patton Electronics Co. ("Patton"), is a corporation organized and existing under the laws of the state of Maryland, having a principal place of business at 7622 Rickenbacker Drive, Gaithersburg, MD 20879.

23.     Upon information and belief and after a reasonable opportunity for further discovery, Defendant Quintum Technologies, LLC ("Quintum"), is a corporation organized and existing under the laws of the state of Delaware, having a principal place of business at 71 James Way, Eatontown, NJ 07724.  Quintum's registered agent for service of process in the state of Delaware is Corporation Service Company at 2711 Centerville Road Suite 400, Wilmington, DE 19808.

24.     Upon information and belief and after a reasonable opportunity for further discovery, Defendant Siemens AG ("Siemens"), is a corporation organized and existing under the laws of Germany at Wittelsbacherplatz 2 80333 Munich, Germany.

25.     Upon information and belief and after a reasonable opportunity for further discovery, Defendant Siemens Enterprise Communications, Inc. ("SECI"), is a corporation organized and existing under the laws of the state of Delaware, having a principal place of business in the United States at 1001 Yamato Road Boca Raton, FL 33431.  SECI's registered agent for service of process in the state of Delaware is the Corporate Service Company at 2711 Centerville Road Suite 400, Wilmington, DE 19808.

26.     Upon information and belief and after a reasonable opportunity for further discovery, Defendant Sonus Networks, Inc. ("Sonus"), is a corporation organized and existing under the laws of the state of Delaware, having a principal place of business at 7 Technology Park Drive, Westford, MA 01886.  Sonus' registered agent for service of process in the state of Delaware is Corporation Service Company at 2711 Centerville Road Suite 400, Wilmington, DE 19808.

27.     Upon information and belief and after a reasonable opportunity for further discovery, Defendant Zhone Technologies, Inc. ("Zhone"), is a corporation organized and existing under the laws of the state of Delaware, having a principal place of business at 7001 Oakport Street, Oakland, CA 94621.  Zhone's registered agent for service of process in the state of Delaware is The Corporation Trust Center at Corporation Trust Center 1209 Orange Street, Wilmington, DE 19801.

## THE PATENT IN SUIT

28.     The '888 patent entitled "Digital Network Access Server" was duly and legally

issued on June 15, 1999.

29.     The assignee of the '888 patent is Network Gateway Solutions.

30.     The '888 patent is valid and enforceable and has been at all times relevant to the

instant action.

31.     The '888 patent claims an apparatus and method for enabling bilateral

transmission of digital data between a local area network and telephone company networks

employing both analog and digital telephone lines.

32.     Claim 2 of the '888 patent provides:

(2)     An all-digital network access server connecting remote computers

        generating digital data to a network computer on a local or wide area

        network via a digital telephone line, comprising:

        (a)     a plurality of modems comprising at least a first modem;

        (b)     a telephone control interface receiving a plurality of multiplexed

                incoming calls on said digital telephone line and demultiplexing

                said plurality of incoming calls into time-spaced digital telephone

                bus signals representing said digital data from said remote

                computers;

        (c)     a telephone bus connected to said telephone control interface

                transmitting said time-spaced digital telephone bus signals from

                said telephone control interface to said modems, including said

                first modem;

8

(d)     a digital signal processor system in said first modem demodulating said time-spaced digital telephone bus signals into incoming binary data, without conversion of said data to analog form;

(e)     a parallel bus connected to said digital signal processing system; and

(f)     a network gateway controller coupled to said modem by said parallel bus and receiving said incoming binary data from said first modem on said parallel bus, said network gateway controller placing said incoming data in a format compatible with said local area network for transmission on said local area network to said network computer.

'888 patent, Col. 36, ln. 14-39.

## THE INFRINGING PRODUCTS

### DEFENDANT ADTRAN'S PRODUCTS

33.     Defendant Adtran, within the United States, manufactures, uses, offers for sale, or sells network gateway systems, including, but not limited to, the Total Access 900 Series, that fall within the '888 patent.  These devices have an all-digital network access system that connects remote computers generating digital data to a network computer on a local or wide area network via a digital telephone line.  The Total Access 900 Series system includes modems, a telephone control interface, telephone bus, digital signal processing system, parallel bus, and a network gateway controller.

34.     At a minimum, Adtran's Total Access 900 Series contains each limitation set forth in at least claim 2 of the '888 patent.

35.     Upon information and belief, additional Adtran products also contain each limitation set forth in at least claim 2 of the '888 patent.

36.     Defendant Adtran does not have a license or other authorization to practice the claims set forth in the '888 patent.

## DEFENDANT AUDIOCODES LTD'S PRODUCTS

37.     Defendant AudioCodes Ltd, within the United States, manufactures, uses, offers for sale, or sells network gateway systems, including, but not limited to, the Mediant 1000 MSBG, that fall within the '888 patent.  These devices have an all-digital network access system that connects remote computers generating digital data to a network computer on a local or wide area network via a digital telephone line.  The Mediant 1000 MSBG system includes modems, a telephone control interface, telephone bus, digital signal processing system, parallel bus, and a network gateway controller.

38.     At a minimum, AudioCodes Ltd'S Mediant 1000 MSBG contains each limitation set forth in at least claim 2 of the '888 patent.

39.     Upon information and belief, additional AudioCodes Ltd products also contain each limitation set forth in at least claim 2 of the '888 patent.

40.     Defendant AudioCodes Ltd does not have a license or other authorization to practice the claims set forth in the '888 patent.

## DEFENDANT AUDIOCODES INC'S PRODUCTS

41.     Defendant AudioCodes Inc, within the United States, manufactures, uses, offers for sale, or sells network gateway systems, including, but not limited to, the Mediant 1000 MSBG, that fall within the '888 patent.  These devices have an all-digital network access system that connects remote computers generating digital data to a network computer on a local or wide

area network via a digital telephone line.  The Mediant 1000 MSBG system includes modems, a telephone control interface, telephone bus, digital signal processing system, parallel bus, and a network gateway controller.

42.     At a minimum, AudioCodes Inc's Mediant 1000 MSBG contains each limitation set forth in at least claim 2 of the '888 patent.

43.     Upon information and belief, additional AudioCodes Inc products also contain each limitation set forth in at least claim 2 of the '888 patent.

44.     Defendant AudioCodes Inc does not have a license or other authorization to practice the claims set forth in the '888 patent.

## DEFENDANT AVAYA'S PRODUCTS

45.     Defendant Avaya, within the United States, manufactures, uses, offers for sale, or sells network gateway systems, including, but not limited to, the G350 Media Gateway, that fall within the '888 patent.  These devices have an all-digital network access system that connects remote computers generating digital data to a network computer on a local or wide area network via a digital telephone line.  The G350 Media Gateway includes modems, a telephone control interface, telephone bus, digital signal processing system, parallel bus, and a network gateway controller.

46.     At a minimum, Avaya's G350 Media Gateway contains each limitation set forth in at least claim 2 of the '888 patent.

47.     Upon information and belief, additional Avaya products also contain each limitation set forth in at least claim 2 of the '888 patent.

48.     Defendant Avaya does not have a license or other authorization to practice the claims set forth in the '888 patent.

## DEFENDANT CISCO'S PRODUCTS

49.     Defendant Cisco, within the United States, manufactures, uses, offers for sale, or sells network gateway systems, including, but not limited to, the AS5350 Universal Gateway, that fall within the '888 patent.  These devices have an all-digital network access system that connects remote computers generating digital data to a network computer on a local or wide area network via a digital telephone line.  The AS5350 Universal Gateway includes modems, a telephone control interface, telephone bus, digital signal processing system, parallel bus, and a network gateway controller.

50.     At a minimum, Cisco's AS5350 Universal Gateway contains each limitation set forth in at least claim 2 of the '888 patent.

51.     Upon information and belief, additional Cisco products also contain each limitation set forth in at least claim 2 of the '888 patent.

52.     Defendant Cisco does not have a license or other authorization to practice the claims set forth in the '888 patent.

## DEFENDANT GENBAND'S PRODUCTS

53.     Upon information and belief and with a reasonable opportunity for further discovery, Defendant Genband, within the United States, manufactures, uses, offers for sale, or sells network gateway systems, including, but not limited to, the G6® Universal Gateway, that fall within the '888 patent.  These devices have an all-digital network access system that connects remote computers generating digital data to a network computer on a local or wide area network via a digital telephone line.  The G6® Universal Gateway includes modems, a telephone control interface, telephone bus, digital signal processing system, parallel bus, and a network gateway controller.

54.     At a minimum, Genband's G6® Universal Gateway contains each limitation set forth in at least claim 2 of the '888 patent.

55.     Upon information and belief, additional Genband products also contain each limitation set forth in at least claim 2 of the '888 patent.

56.     Defendant Genband does not have a license or other authorization to practice the claims set forth in the '888 patent.

<u>DEFENDANT JUNIPER'S PRODUCTS</u>

57.     Upon information and belief and with a reasonable opportunity for further discovery, Defendant Juniper, within the United States, manufactures, uses, offers for sale, or sells network gateway systems, including, but not limited to, the Juniper J2320 system, that fall within the '888 patent.  These devices have an all-digital network access system that connects remote computers generating digital data to a network computer on a local or wide area network via a digital telephone line.  The Juniper J2320 system includes modems, a telephone control interface, telephone bus, digital signal processing system, parallel bus, and a network gateway controller.

58.     At a minimum, Juniper's J2320 system contains each limitation set forth in at least claim 2 of the '888 patent.

59.     Upon information and belief, additional Juniper products also contain each limitation set forth in at least claim 2 of the '888 patent.

60.     Defendant Juniper does not have a license or other authorization to practice the claims of the '888 patent.

## DEFENDANT ALCATEL-LUCENT'S PRODUCTS

61.     Defendant Alcatel-Lucent, within the United States, manufactures, uses, offers for sale, or sells network gateway systems, including, but not limited to, the CellPipe<sup>TM</sup> Integrated Access Device (IAD) Model: CELL-IAD-8T, that fall within the '888 patent.  These devices have an all-digital network access system that connects remote computers generating digital data to a network computer on a local or wide area network via a digital telephone line.  The CellPipe<sup>TM</sup> Integrated Access Device (IAD) Model: CELL-IAD-8T includes modems, a telephone control interface, telephone bus, digital signal processing system, parallel bus, and a network gateway controller.

62.     At a minimum, Alcatel-Lucent's CellPipe<sup>TM</sup> Integrated Access Device (IAD) Model: CELL-IAD-8T contains each limitation set forth in at least claim 2 of the '888 patent.

63.     Upon information and belief, additional Alcatel-Lucent products also contain each limitation set forth in at least claim 2 of the '888 patent.

64.     Defendant Alcatel-Lucent does not have a license or other authorization to practice the claims set forth in the '888 patent.

## DEFENDANT LUCENT USA'S PRODUCTS

65.     Defendant Lucent USA, within the United States, manufactures, uses, offers for sale, or sells network gateway systems, including, but not limited to, the CellPipe<sup>TM</sup> Integrated Access Device (IAD) Model: CELL-IAD-8T, that fall within the '888 patent.  These devices have an all-digital network access system that connects remote computers generating digital data to a network computer on a local or wide area network via a digital telephone line.  The CellPipe<sup>TM</sup> Integrated Access Device (IAD) Model: CELL-IAD-8T includes modems, a

telephone control interface, telephone bus, digital signal processing system, parallel bus, and a network gateway controller.

66.    At a minimum, Lucent USA's CellPipe<sup>TM</sup> Integrated Access Device (IAD) Model: CELL-IAD-8T contains each limitation set forth in at least claim 2 of the '888 patent.

67.    Upon information and belief, additional Lucent USA products also contain each limitation set forth in at least claim 2 of the '888 patent.

68.    Defendant Lucent USA does not have a license or other authorization to practice the claims set forth in the '888 patent.

### DEFENDANT MEDIATRIX'S PRODUCTS

69.    Defendant Mediatrix, within the United States, manufactures, uses, offers for sale, or sells network gateway systems, including, but not limited to, the Mediatrix 3000 Series, that fall within the '888 patent.  These devices have an all-digital network access system that connects remote computers generating digital data to a network computer on a local or wide area network via a digital telephone line.  The Mediatrix 3000 Series system includes modems, a telephone control interface, telephone bus, digital signal processing system, parallel bus, and a network gateway controller.

70.    At a minimum, Mediatrix's 3000 Series contains each limitation set forth in at least claim 2 of the '888 patent.

71.    Upon information and belief, additional Mediatrix products also contain each limitation set forth in at least claim 2 of the '888 patent.

72.    Defendant Medatrix does not have a license or other authorization to practice the claims set forth in the '888 patent.

## DEFENDANT METASWITCH'S PRODUCTS

73.     Defendant Metaswitch, within the United States, manufactures, uses, offers for sale, or sells network gateway systems, including, but not limited to, the Metaswitch PB3100 Universal Gateway Card, that fall within the '888 patent.  These devices have an all-digital network access system that connects remote computers generating digital data to a network computer on a local or wide area network via a digital telephone line.  The Metaswitch PB3100 Universal Gateway Card includes modems, a telephone control interface, telephone bus, digital signal processing system, parallel bus, and a network gateway controller.

74.     At a minimum, Metaswitch's PB3100 Universal Gateway Card contains each limitation set forth in at least claim 2 of the '888 patent.

75.     Upon information and belief, additional Metaswitch products also contain each limitation set forth in at least claim 2 of the '888 patent.

76.     Defendant Metaswitch does not have a license or other authorization to practice the claims set forth in the '888 patent.

## DEFENDANT MNC'S PRODUCTS

77.     Defendant MNC, within the United States, manufactures, uses, offers for sale, or sells network gateway systems, including, but not limited to, the MNC SX-200® IP Communications Platform, that fall within the '888 patent.  These devices have an all-digital network access system that connects remote computers generating digital data to a network computer on a local or wide area network via a digital telephone line.  The MNC SX-200® IP Communications Platform includes modems, a telephone control interface, telephone bus, digital signal processing system, parallel bus, and a network gateway controller.

78.     At a minimum, MNC's SX-200® IP Communications Platform contains each limitation set forth in at least claim 2 of the '888 patent.

79.     Upon information and belief, additional MNC products also contain each limitation set forth in at least claim 2 of the '888 patent.

80.     Defendant MNC does not have a license or other authorization to practice the claims set forth in the '888 patent.

<u>DEFENDANT MNI'S PRODUCTS</u>

81.     Defendant MNI, within the United States, manufactures, uses, offers for sale, or sells network gateway systems, including, but not limited to, the MNI SX-200® IP Communications Platform, that fall within the '888 patent.  These devices have an all-digital network access system that connects remote computers generating digital data to a network computer on a local or wide area network via a digital telephone line.  The MNI SX-200® IP Communications Platform includes modems, a telephone control interface, telephone bus, digital signal processing system, parallel bus, and a network gateway controller.

82.     At a minimum, MNI's SX-200® IP Communications Platform contains each limitation set forth in at least claim 2 of the '888 patent.

83.     Upon information and belief, additional MNI products also contain each limitation set forth in at least claim 2 of the '888 patent.

84.     Defendant MNI does not have a license or other authorization to practice the claims set forth in the '888 patent.

<u>DEFENDANT MULTITECH'S PRODUCTS</u>

85.     Defendant Multitech, within the United States, manufactures, uses, offers for sale, or sells network gateway systems, including, but not limited to, the MultiVOIP® MVP2410, that

fall within the '888 patent.  These devices have an all-digital network access system that connects remote computers generating digital data to a network computer on a local or wide area network via a digital telephone line.  The MultiVOIP® MVP2410 includes modems, a telephone control interface, telephone bus, digital signal processing system, parallel bus, and a network gateway controller.

86.    At a minimum, Multitech's MultiVOIP® MVP2410 contains each limitation set forth in at least claim 2 of the '888 patent.

87.    Upon information and belief, additional Multitech products also contain each limitation set forth in at least claim 2 of the '888 patent.

88.    Defendant Multitech does not have a license or other authorization to practice the claims set forth in the '888 patent.

<u>DEFENDANT PATTON'S PRODUCTS</u>

89.    Defendant Patton, within the United States, manufactures, uses, offers for sale, or sells network gateway systems, including, but not limited to, the SmartNode™ 4960, that fall within the '888 patent.  These devices have an all-digital network access system that connects remote computers generating digital data to a network computer on a local or wide area network via a digital telephone line.  The SmartNode™ 4960 includes modems, a telephone control interface, telephone bus, digital signal processing system, parallel bus, and a network gateway controller.

90.    At a minimum, Patton's SmartNode™ 4960 contains each limitation set forth in at least claim 2 of the '888 patent.

91.    Upon information and belief, additional Multitech products also contain each limitation set forth in at least claim 2 of the '888 patent.

92.     Defendant Patton does not have a license or other authorization to practice the claims set forth in the '888 patent.

DEFENDANT QUINTUM'S PRODUCTS

93.     Defendant Quintum, within the United States, manufactures, uses, offers for sale, or sells network gateway systems, including, but not limited to, the Quintum® Tenor® Gateway DX2008, that fall within the '888 patent.  These devices have an all-digital network access system that connects remote computers generating digital data to a network computer on a local or wide area network via a digital telephone line.  The Quintum® Tenor® Gateway DX2008 includes modems, a telephone control interface, telephone bus, digital signal processing system, parallel bus, and a network gateway controller.

94.     At a minimum, the Quintum® Tenor® Gateway DX2008 contains each limitation set forth in at least claim 2 of the '888 patent.

95.     Upon information and belief, additional Quintum products also contain each limitation set forth in at least claim 2 of the '888 patent.

96.     Defendant Quintum does not have a license or other authorization to practice the claims set forth in the '888 patent.

DEFENDANT SIEMENS' PRODUCTS

97.     Defendant Siemens, within the United States, manufactures, uses, offers for sale, or sells network gateway systems, including, but not limited to, the HiPath RG2500, that fall within the '888 patent.  These devices have an all-digital network access system that connects remote computers generating digital data to a network computer on a local or wide area network via a digital telephone line.  The HiPath RG2500 includes modems, a telephone control interface, telephone bus, digital signal processing system, parallel bus, and a network gateway controller.

98.     At a minimum, Siemens' HiPath RG2500 contains each limitation set forth in at least claim 2 of the '888 patent.

99.     Upon information and belief, additional Siemens products also contain each limitation set forth in at least claim 2 of the '888 patent.

100.     Defendant Siemens does not have a license or other authorization to practice the claims set forth in the '888 patent.

## DEFENDANT SECI'S PRODUCTS

101.     Defendant SECI, within the United States, manufactures, uses, offers for sale, or sells network gateway systems, including, but not limited to, the HiPath RG2500, that fall within the '888 patent.  These devices have an all-digital network access system that connects remote computers generating digital data to a network computer on a local or wide area network via a digital telephone line.  The HiPath RG2500 includes modems, a telephone control interface, telephone bus, digital signal processing system, parallel bus, and a network gateway controller.

102.     At a minimum, SECI's HiPath RG2500 contains each limitation set forth in at least claim 2 of the '888 patent.

103.     Upon information and belief, additional SECI products also contain each limitation set forth in at least claim 2 of the '888 patent.

104.     Defendant SECI does not have a license or other authorization to practice the claims set forth in the '888 patent.

## DEFENDANT SONUS' PRODUCTS

105.     Upon information and belief and with a reasonable opportunity for further discovery, Defendant Sonus, within the United States, manufactures, uses, offers for sale, or sells network gateway systems, including, but not limited to, the Sonus GSX9000$^{TM}$, that fall within

the '888 patent. These devices have an all-digital network access system that connects remote computers generating digital data to a network computer on a local or wide area network via a digital telephone line. The Sonus GSX9000<sup>TM</sup> includes modems, a telephone control interface, telephone bus, digital signal processing system, parallel bus, and a network gateway controller.

106.    At a minimum, Sonus' GSX9000<sup>TM</sup> contains each limitation set forth in at least claim 2 of the '888 patent.

107.    Upon information and belief, additional Sonus products also contain each limitation set forth in at least claim 2 of the '888 patent.

108.    Defendant Sonus does not have a license or other authorization to practice the claims set forth in the '888 patent.

### DEFENDANT ZHONE'S PRODUCTS

109.    Defendant Zhone, within the United States, manufactures, uses, offers for sale, or sells network gateway solutions, including, but not limited to, the IMACS-200, that fall within the '888 patent. These devices have an all-digital network access system that connects remote computers generating digital data to a network computer on a local or wide area network via a digital telephone line. The IMACS-200 includes modems, a telephone control interface, telephone bus, digital signal processing system, parallel bus, and a network gateway controller.

110.    At a minimum, Zhone's IMACS-200 contains each limitation set forth in at least claim 2 of the '888 patent.

111.    Upon information and belief, additional Zhone products also contain each limitation set forth in at least claim 2 of the '888 patent.

112.    Defendant Zhone does not have a license or other authorization to practice the claims set forth in the '888 patent.

## COUNT I
## ADTRAN'S PATENT INFRINGEMENT
## UNDER 35 U.S.C. §271 OF THE '888 PATENT

113.     NGS incorporates by reference the allegations of paragraphs 1-112.

114.     Adtran has directly or indirectly infringed the '888 patent at a minimum by making, using, selling and offering for sale products that fall with the scope of the '888 patent, including, but not limited to, the Total Access 900 Series.

115.     Upon information and belief, Adtran has also contributed to the infringement of the '888 patent, and/or actively induced others to infringe the '888 patent, in this district and elsewhere in the United States.

116.     Adtran has caused and will continue to cause NGS substantial damage and irreparable injury by virtue of its continuing infringement.

117.     NGS is entitled to recover from Adtran the damages sustained by NGS as a result of Adtran's wrongful acts in an amount subject to proof at trial and an injunction preventing Adtran from continuing its wrongful acts.

118.     Upon information and belief and after an opportunity for further discovery, Adtran's infringement of the '888 patent is willful and deliberate.

## COUNT II
## AUDIOCODES LTD'S PATENT INFRINGEMENT
## UNDER 35 U.S.C. §271 OF THE '888 PATENT

119.     NGS incorporates by reference the allegations of paragraphs 1-118.

120.     AudioCodes Ltd has directly or indirectly infringed the '888 patent at a minimum by making, using, selling and offering for sale products that fall with the scope of the '888 patent, including, but not limited to, the Mediant 1000 MSBG.

121.    Upon information and belief, AudioCodes Ltd has also contributed to the infringement of the '888 patent, and/or actively induced others to infringe the '888 patent, in this district and elsewhere in the United States.

122.    AudioCodes Ltd has caused and will continue to cause NGS substantial damage and irreparable injury by virtue of its continuing infringement.

123.    NGS is entitled to recover from AudioCodes Ltd the damages sustained by NGS as a result of AudioCodes Ltd's wrongful acts in an amount subject to proof at trial and an injunction preventing AudioCodes Ltd from continuing its wrongful acts.

124.    Upon information and belief and after an opportunity for further discovery, AudioCodes Ltd's infringement of the '888 patent is willful and deliberate.

## COUNT III
## AUDIOCODES INC'S PATENT INFRINGEMENT
## UNDER 35 U.S.C. §271 OF THE '888 PATENT

125.    NGS incorporates by reference the allegations of paragraphs 1-124.

126.    AudioCodes Inc has directly or indirectly infringed the '888 patent at a minimum by making, using, selling and offering for sale products that fall with the scope of the '888 patent, including, but not limited to, the Mediant 1000 MSBG.

127.    Upon information and belief, AudioCodes Inc has also contributed to the infringement of the '888 patent, and/or actively induced others to infringe the '888 patent, in this district and elsewhere in the United States.

128.    AudioCodes Inc has caused and will continue to cause NGS substantial damage and irreparable injury by virtue of its continuing infringement.

129.     NGS is entitled to recover from AudioCodes Inc the damages sustained by NGS as a result of AudioCodes Inc's wrongful acts in an amount subject to proof at trial and an injunction preventing AudioCodes Inc from continuing its wrongful acts.

130.     Upon information and belief and after an opportunity for further discovery, AudioCodes Inc's infringement of the '888 patent is willful and deliberate.

**COUNT IV**
**AVAYA'S PATENT INFRINGEMENT**
**UNDER 35 U.S.C. §271 OF THE '888 PATENT**

131.     NGS incorporates by reference the allegations of paragraphs 1-130.

132.     Avaya has directly or indirectly infringed the '888 patent at a minimum by making, using, selling and offering for sale products that fall with the scope of the '888 patent, including, but not limited to, the G350 Media Gateway.

133.     Upon information and belief, Avaya has also contributed to the infringement of the '888 patent, and/or actively induced others to infringe the '888 patent, in this district and elsewhere in the United States.

134.     Avaya has caused and will continue to cause NGS substantial damage and irreparable injury by virtue of its continuing infringement.

135.     NGS is entitled to recover from Avaya the damages sustained by NGS as a result of Avaya's wrongful acts in an amount subject to proof at trial and an injunction preventing Avaya from continuing its wrongful acts.

136.     Upon information and belief and after an opportunity for further discovery, Avaya's infringement of the '888 patent is willful and deliberate.

## COUNT V
## CISCO'S PATENT INFRINGEMENT
## UNDER 35 U.S.C. §271 OF THE '888 PATENT

137.     NGS incorporates by reference the allegations of paragraphs 1-136.

138.     Cisco has directly or indirectly infringed the '888 patent at a minimum by making, using, selling and offering for sale products that fall with the scope of the '888 patent, including, but not limited to, the AS5350 Universal Gateway.

140.     Upon information and belief, Cisco has also contributed to the infringement of the '888 patent, and/or actively induced others to infringe the '888 patent, in this district and elsewhere in the United States.

141.     Cisco has caused and will continue to cause NGS substantial damage and irreparable injury by virtue of its continuing infringement.

142.     NGS is entitled to recover from Cisco the damages sustained by NGS as a result of Cisco's wrongful acts in an amount subject to proof at trial and an injunction preventing Cisco from continuing its wrongful acts.

143.     Upon information and belief and after an opportunity for further discovery, Cisco's infringement of the '888 patent is willful and deliberate.

## COUNT VI
## GENBAND'S PATENT INFRINGEMENT
## UNDER 35 U.S.C. §271 OF THE '888 PATENT

144.     NGS incorporates by reference the allegations of paragraphs 1-143.

145.     Genband has directly or indirectly infringed the '888 patent at a minimum by making, using, selling and offering for sale products that fall with the scope of the '888 patent, including, but not limited to, the G6® Universal Gateway.

146.     Upon information and belief, Genband has also contributed to the infringement of the '888 patent, and/or actively induced others to infringe the '888 patent, in this district and elsewhere in the United States.

147.     Genband has caused and will continue to cause NGS substantial damage and irreparable injury by virtue of its continuing infringement.

148.     NGS is entitled to recover from Genband the damages sustained by NGS as a result of Genband's wrongful acts in an amount subject to proof at trial and an injunction preventing Genband from continuing its wrongful acts.

149.     Upon information and belief and after an opportunity for further discovery, Genband's infringement of the '888 patent is willful and deliberate.

**COUNT VII**
**JUNIPER'S PATENT INFRINGEMENT**
**UNDER 35 U.S.C. §271 OF THE '888 PATENT**

150.     NGS incorporates by reference the allegations of paragraphs 1-149.

151.     Juniper has directly or indirectly infringed the '888 patent at a minimum by making, using, selling and offering for sale products that fall with the scope of the '888 patent, including, but not limited to, the Juniper J2320 system.

152.     Upon information and belief, Juniper has also contributed to the infringement of the '888 patent, and/or actively induced others to infringe the '888 patent, in this district and elsewhere in the United States.

153.     Juniper has caused and will continue to cause NGS substantial damage and irreparable injury by virtue of its continuing infringement.

154.    NGS is entitled to recover from Juniper the damages sustained by NGS as a result of Juniper's wrongful acts in an amount subject to proof at trial and an injunction preventing Juniper from continuing its wrongful acts.

155.    Upon information and belief and after an opportunity for further discovery, Juniper's infringement of the '888 patent is willful and deliberate.

## COUNT VIII
## ALCATEL-LUCENT'S PATENT INFRINGEMENT
## UNDER 35 U.S.C. §271 OF THE '888 PATENT

156.    NGS incorporates by reference the allegations of paragraphs 1-155.

157.    Alcatel-Lucent has directly or indirectly infringed the '888 patent at a minimum by making, using, selling and offering for sale products that fall with the scope of the '888 patent, including, but not limited to, the CellPipe[TM] Integrated Access Device (IAD) Model: CELL-IAD-8T.

158.    Upon information and belief, Alcatel-Lucent has also contributed to the infringement of the '888 patent, and/or actively induced others to infringe the '888 patent, in this district and elsewhere in the United States.

159.    Alcatel-Lucent has caused and will continue to cause NGS substantial damage and irreparable injury by virtue of its continuing infringement.

160.    NGS is entitled to recover from Alcatel-Lucent the damages sustained by NGS as a result of Alcatel-Lucent's wrongful acts in an amount subject to proof at trial and an injunction preventing Alcatel-Lucent from continuing its wrongful acts.

161.    Upon information and belief and after an opportunity for further discovery, Alcatel-Lucent's infringement of the '888 patent is willful and deliberate.

## COUNT IX
## LUCENT USA'S PATENT INFRINGEMENT
## UNDER 35 U.S.C. §271 OF THE '888 PATENT

162.    NGS incorporates by reference the allegations of paragraphs 1-161.

163.    Lucent USA has directly or indirectly infringed the '888 patent at a minimum by making, using, selling and offering for sale products that fall with the scope of the '888 patent, including, but not limited to, the CellPipe™ Integrated Access Device (IAD) Model: CELL-IAD-8T.

164.    Upon information and belief, Lucent USA has also contributed to the infringement of the '888 patent, and/or actively induced others to infringe the '888 patent, in this district and elsewhere in the United States.

165.    Lucent USA has caused and will continue to cause NGS substantial damage and irreparable injury by virtue of its continuing infringement.

166.    NGS is entitled to recover from Lucent USA the damages sustained by NGS as a result of Lucent USA's wrongful acts in an amount subject to proof at trial and an injunction preventing Lucent USA from continuing its wrongful acts.

167.    Upon information and belief and after an opportunity for further discovery, Lucent USA's infringement of the '888 patent is willful and deliberate.

## COUNT X
## MEDIATRIX'S PATENT INFRINGEMENT
## UNDER 35 U.S.C. §271 OF THE '888 PATENT

168.    NGS incorporates by reference the allegations of paragraphs 1-167.

169.    Mediatrix has directly or indirectly infringed the '888 patent at a minimum by making, using, selling and offering for sale products that fall with the scope of the '888 patent, including, but not limited to, the Mediatrix 3000 Series.

170.    Upon information and belief, Mediatrix has also contributed to the infringement of the '888 patent, and/or actively induced others to infringe the '888 patent, in this district and elsewhere in the United States.

171.    Mediatrix has caused and will continue to cause NGS substantial damage and irreparable injury by virtue of its continuing infringement.

172.    NGS is entitled to recover from Mediatrix the damages sustained by NGS as a result of Mediatrix's wrongful acts in an amount subject to proof at trial and an injunction preventing Mediatrix from continuing its wrongful acts.

173.    Upon information and belief and after an opportunity for further discovery, Mediatrix's infringement of the '888 patent is willful and deliberate.

**COUNT XI**
**METASWITCH'S PATENT INFRINGEMENT**
**UNDER 35 U.S.C. §271 OF THE '888 PATENT**

174.    NGS incorporates by reference the allegations of paragraphs 1-173.

175.    Metaswitch has directly or indirectly infringed the '888 patent at a minimum by making, using, selling and offering for sale products that fall with the scope of the '888 patent, including, but not limited to, the Metaswitch PB3100 Universal Gateway Card.

176.    Upon information and belief, Metaswitch has also contributed to the infringement of the '888 patent, and/or actively induced others to infringe the '888 patent, in this district and elsewhere in the United States.

177.    Metaswitch has caused and will continue to cause NGS substantial damage and irreparable injury by virtue of its continuing infringement.

178.    NGS is entitled to recover from Metaswitch the damages sustained by NGS as a result of Metaswitch's wrongful acts in an amount subject to proof at trial and an injunction preventing Metaswitch from continuing its wrongful acts.

179.    Upon information and belief and after an opportunity for further discovery, Metaswitch's infringement of the '888 patent is willful and deliberate.

**COUNT XII**
**MNC'S PATENT INFRINGEMENT**
**UNDER 35 U.S.C. §271 OF THE '888 PATENT**

180.    NGS incorporates by reference the allegations of paragraphs 1-179.

181.    MNC has directly or indirectly infringed the '888 patent at a minimum by making, using, selling and offering for sale products that fall with the scope of the '888 patent, including, but not limited to, the MNC SX-200® IP Communications Platform.

182.    Upon information and belief, MNC has also contributed to the infringement of the '888 patent, and/or actively induced others to infringe the '888 patent, in this district and elsewhere in the United States.

183.    MNC has caused and will continue to cause NGS substantial damage and irreparable injury by virtue of its continuing infringement.

184.    NGS is entitled to recover from MNC the damages sustained by NGS as a result of MNC's wrongful acts in an amount subject to proof at trial and an injunction preventing MNC from continuing its wrongful acts.

185.    Upon information and belief and after an opportunity for further discovery, MNC's infringement of the '888 patent is willful and deliberate.

## COUNT XIII
## MNI'S PATENT INFRINGEMENT
## UNDER 35 U.S.C. §271 OF THE '888 PATENT

186.    NGS incorporates by reference the allegations of paragraphs 1-185.

187.    MNI has directly or indirectly infringed the '888 patent at a minimum by making,

using, selling and offering for sale products that fall with the scope of the '888 patent, including,

but not limited to, the MNI SX-200® IP Communications Platform.

188.    Upon information and belief, MNI has also contributed to the infringement of the

'888 patent, and/or actively induced others to infringe the '888 patent, in this district and

elsewhere in the United States.

189.    MNI has caused and will continue to cause NGS substantial damage and

irreparable injury by virtue of its continuing infringement.

190.    NGS is entitled to recover from MNI the damages sustained by NGS as a result of

MNI's wrongful acts in an amount subject to proof at trial and an injunction preventing MNC

from continuing its wrongful acts.

191.    Upon information and belief and after an opportunity for further discovery, MNI's

infringement of the '888 patent is willful and deliberate.

## COUNT XIV
## MULTITECH'S PATENT INFRINGEMENT
## UNDER 35 U.S.C. §271 OF THE '888 PATENT

192.    NGS incorporates by reference the allegations of paragraphs 1-191.

193.    Multitech has directly or indirectly infringed the '888 patent at a minimum by

making, using, selling and offering for sale products that fall with the scope of the '888 patent,

including, but not limited to, the MultiVOIP® MVP2410.

194.    Upon information and belief, Multitech has also contributed to the infringement of the '888 patent, and/or actively induced others to infringe the '888 patent, in this district and elsewhere in the United States.

195.    Multitech has caused and will continue to cause NGS substantial damage and irreparable injury by virtue of its continuing infringement.

196.    NGS is entitled to recover from Multitech the damages sustained by NGS as a result of Multitech's wrongful acts in an amount subject to proof at trial and an injunction preventing Multitech from continuing its wrongful acts.

197.    Upon information and belief and after an opportunity for further discovery, Multitech's infringement of the '888 patent is willful and deliberate.

**COUNT XV**
**PATTON'S PATENT INFRINGEMENT**
**UNDER 35 U.S.C. §271 OF THE '888 PATENT**

198.    NGS incorporates by reference the allegations of paragraphs 1-197.

199.    Patton has directly or indirectly infringed the '888 patent at a minimum by making, using, selling and offering for sale products that fall with the scope of the '888 patent, including, but not limited to, the SmartNode$^{TM}$ 4960.

200.    Upon information and belief, Patton has also contributed to the infringement of the '888 patent, and/or actively induced others to infringe the '888 patent, in this district and elsewhere in the United States.

201.    Patton has caused and will continue to cause NGS substantial damage and irreparable injury by virtue of its continuing infringement.

202.    NGS is entitled to recover from Patton the damages sustained by NGS as a result of Patton's wrongful acts in an amount subject to proof at trial and an injunction preventing Patton from continuing its wrongful acts.

203.    Upon information and belief and after an opportunity for further discovery, Patton's infringement of the '888 patent is willful and deliberate.

**COUNT XVI**
**QUINTUM'S PATENT INFRINGEMENT**
**UNDER 35 U.S.C. §271 OF THE '888 PATENT**

204.    NGS incorporates by reference the allegations of paragraphs 1-203.

205.    Quintum has directly or indirectly infringed the '888 patent at a minimum by making, using, selling and offering for sale products that fall with the scope of the '888 patent, including, but not limited to, the Quintum® Tenor® Gateway DX2008.

206.    Upon information and belief, Quintum has also contributed to the infringement of the '888 patent, and/or actively induced others to infringe the '888 patent, in this district and elsewhere in the United States.

207.    Quintum has caused and will continue to cause NGS substantial damage and irreparable injury by virtue of its continuing infringement.

208.    NGS is entitled to recover from Quintum the damages sustained by NGS as a result of Quintum's wrongful acts in an amount subject to proof at trial and an injunction preventing Quintum from continuing its wrongful acts.

209.    Upon information and belief and after an opportunity for further discovery, Quintum's infringement of the '888 patent is willful and deliberate.

## COUNT XVII
## SIEMENS' PATENT INFRINGEMENT
## UNDER 35 U.S.C. §271 OF THE '888 PATENT

210.    NGS incorporates by reference the allegations of paragraphs 1-209.

211.    Siemens has directly or indirectly infringed the '888 patent at a minimum by making, using, selling and offering for sale products that fall with the scope of the '888 patent, including, but not limited to, the HiPath RG2500.

212.    Upon information and belief, Siemens has also contributed to the infringement of the '888 patent, and/or actively induced others to infringe the '888 patent, in this district and elsewhere in the United States.

213.    Siemens has caused and will continue to cause NGS substantial damage and irreparable injury by virtue of its continuing infringement.

214.    NGS is entitled to recover from Siemens the damages sustained by NGS as a result of Siemens' wrongful acts in an amount subject to proof at trial and an injunction preventing Siemens from continuing its wrongful acts.

215.    Upon information and belief and after an opportunity for further discovery, Siemens' infringement of the '888 patent is willful and deliberate.

## COUNT XVIII
## SECI'S PATENT INFRINGEMENT
## UNDER 35 U.S.C. §271 OF THE '888 PATENT

216.    NGS incorporates by reference the allegations of paragraphs 1-215.

217.    SECI has directly or indirectly infringed the '888 patent at a minimum by making, using, selling and offering for sale products that fall with the scope of the '888 patent, including, but not limited to, the HiPath RG2500.

218.     Upon information and belief, SECI has also contributed to the infringement of the '888 patent, and/or actively induced others to infringe the '888 patent, in this district and elsewhere in the United States.

219.     SECI has caused and will continue to cause NGS substantial damage and irreparable injury by virtue of its continuing infringement.

220.     NGS is entitled to recover from SECI the damages sustained by NGS as a result of SECI's wrongful acts in an amount subject to proof at trial and an injunction preventing SECI from continuing its wrongful acts.

221.     Upon information and belief and after an opportunity for further discovery, SECI's infringement of the '888 patent is willful and deliberate.

**COUNT XIX**
**SONUS' PATENT INFRINGEMENT**
**UNDER 35 U.S.C. §271 OF THE '888 PATENT**

222.     NGS incorporates by reference the allegations of paragraphs 1-221.

223.     Sonus has directly or indirectly infringed the '888 patent at a minimum by making, using, selling and offering for sale products that fall with the scope of the '888 patent, including, but not limited to, the Sonus GSX9000$^{TM}$.

224.     Upon information and belief, Sonus has also contributed to the infringement of the '888 patent, and/or actively induced others to infringe the '888 patent, in this district and elsewhere in the United States.

225.     Sonus has caused and will continue to cause NGS substantial damage and irreparable injury by virtue of its continuing infringement.

226.    NGS is entitled to recover from Sonus the damages sustained by NGS as a result of Sonus' wrongful acts in an amount subject to proof at trial and an injunction preventing Sonus from continuing its wrongful acts.

227.    Upon information and belief and after an opportunity for further discovery, Sonus' infringement of the '888 patent is willful and deliberate.

## COUNT XX
## ZHONE'S PATENT INFRINGEMENT
## UNDER 35 U.S.C. §271 THE '888 PATENT

228.    NGS incorporates by reference the allegations of paragraphs 1-227.

229.    Zhone has directly or indirectly infringed the '888 patent at a minimum by making, using, selling and offering for sale products that fall with the scope of the '888 patent, including, but not limited to, the IMACS-200.

230.    Upon information and belief, Zhone has also contributed to the infringement of the '888 patent, and/or actively induced others to infringe the '888 patent, in this district and elsewhere in the United States.

231.    Zhone has caused and will continue to cause NGS substantial damage and irreparable injury by virtue of its continuing infringement.

232.    NGS is entitled to recover from Zhone the damages sustained by NGS as a result of Zhone's wrongful acts in an amount subject to proof at trial and an injunction preventing Zhone from continuing its wrongful acts.

233.    Upon information and belief and after an opportunity for further discovery, Zhone's infringement of the '888 patent is willful and deliberate.

**WHEREFORE**, NGS respectfully requests that the Court enter a judgment as follows:

A.      That Defendants have infringed the '888 patent under 35 U.S.C. §271;

B.      Permanently enjoining and restraining Defendants, their officers, directors,

agents, servants, employees, licensees, successors, assigns, those in concert and participation

with them, and all persons acting on their behalf or within their control under 35 U.S.C. §283

from further acts that infringe the '888 patent, including but not limited to, making, using,

selling, offering to sell, importing, exporting, advertising, or otherwise using, contributing to the

use of, or inducing the use of all infringing equipment produced by Defendants;

C.      Requiring Defendants to:

1.      Send a copy of any decision in this case in favor of NGS to each person or

entity to whom Defendants have sold or otherwise distributed any products found to infringe the

'888 patent, or induced to infringe the '888 patent, and informing such persons or entities of the

judgment and that the sale or solicited commercial transaction was wrongful;

2.      Recall and collect from all persons and entities that have purchased

wholesale or are a distributor of any and all products found to infringe the '888 patent that were

made, offered for sale, sold, or otherwise distributed by Defendants, or anyone acting on its

behalf;

3.      Destroy or deliver to NGS all infringing equipment produced by

Defendants; and

4.      File with the Court and serve upon NGS, within thirty (30) days after entry

of final judgment in this case, a report in writing and subscribed under oath setting forth in detail

the form and manner in which Defendants have complied with the Court's orders as prayed for.

D.      Awarding NGS patent infringement damages and pre-judgment interest pursuant to 35 U.S.C. §284 including, but not limited to, lost profits and/or a reasonable royalty;

E.      Awarding treble damages for willful infringement pursuant to 35 U.S.C. §284;

F.      Declaring the case exceptional and awarding NGS reasonable costs and attorneys fees pursuant to 35 U.S.C. §285;

G.      Granting NGS such other and further relief as justice and equity may require.

## JURY DEMAND

NGS requests a jury trial.

Dated: September 4, 2009

By: _____
Richard K. Herrmann (#2696)
Mary B. Matterer (#405)
MORRIS JAMES LLP
500 Delaware Ave., Ste. 1500
Wilmington, DE 19801-1494
Phone: 302.888.6800
mmatterer@morrisjames.com


OF COUNSEL:

SIMMONS BROWDER GIANARIS ANGELIDES
& BARNERD LLC

Paul A. Lesko (*pro hac vice* motion pending)
Jo Anna Pollock (*pro hac vice* motion pending)
Stephen C. Smith (*pro hac vice* motion pending)
Chris Luzecky (*pro hac vice* motion pending)
707 Berkshire Blvd.
P.O. Box 521
East Alton, Illinois  62024
(618) 259-2222
(618) 259-2251 – facsimile
Email:  jpollock@simmonsfirm.com


Attorneys for Plaintiff
NETWORK GATEWAY SOLUTIONS, LLC